IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY A. WIEST, *et al.*, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| THOMAS J. LYNCH, *et al.*, | : | |
| | : | No. 10-3288 |
| Defendant. | : | |

**M E M O R A N D U M**

**GENE E.K. PRATTER**                                                                 **NOVEMBER 15, 2011**

**I.      INTRODUCTION**

Jeffrey Wiest was terminated from his position in Tyco's accounts payable department in April 2010, after spending seven months on medical leave prompted by a company investigation into certain of Mr. Wiest's activities.[1]  Mr. Wiest and his wife, Laura Wiest (collectively "the Wiests"), contend that the investigation and the treatment he endured as a result of it, were initiated in retaliation against him for having engaged in protected activity under the Whistleblower Protection provisions of the Sarbanes-Oxley Act of 2002 .  Specifically, the Wiests allege that he questioned the company's treatment of certain event expenditures that he felt were improper in the wake of the highly publicized corporate fraud scandal involving Tyco International's former CEO, Dennis Kozlowski.

---

[1] The facts of this case are more fully set forth in this Court's July 21, 2011 Memorandum granting the Defendants' Motions to Dismiss (Docket No. 13).  See Wiest v. Lynch, No. 10-3288, 2011 WL 2923860, at *1-3 (E.D. Pa. Jul. 21, 2011).

The Wiests filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") on November 24, 2009, and filed suit in federal court on July 7, 2010 (Docket No. 1) after the Secretary of Labor made no final determination within 180 days.[2]  The Wiests' Complaint alleges violations of Section 806 of the Sarbanes-Oxley Act of 2002 ("SOX 806") and state law.  On September 17, 2010, the Defendants filed a Motion to Dismiss (Docket No. 5), and on July 21, 2011, the Court issued a Memorandum and Order dismissing the Wiests' Complaint in its entirety without prejudice.  Wiest, 2011 WL 2923860, at *1.

In dismissing the Complaint, the Court held that the Wiests failed to properly plead that Mr. Wiest engaged in a protected activity, the first element of a prima facie case under SOX 806.[3]  Id. at *10.  The Court explained that the activity Mr. Wiest allegedly engaged in – communicating his concerns about certain corporate expenses – was not a "protected activity" under SOX 806, because it did not relate to shareholder fraud or a law covered by SOX 806.  Id. The Court set forth the standard for what constitutes a "protected activity" as follows:

> SOX protects an employee who has "provided information" to a supervisor regarding conduct that the employee "reasonably believes" violates one of the specific provisions enumerated in § 1514A.  For a communication to be protected, it must "definitively and specifically" relate to one of the statutes or rules listed in § 1514A.  Platone v. FLYi, Inc., ARB No. 04–154, 2006 WL 3246910, at *8 (Dep't of Labor Sept. 29, 2006), aff'd 548 F.3d 322 (4th Cir. 2008); accord Van Asdale v. Int'l Game Tech., 577 F.3d 989, 996–97 (9th Cir. 2009); Day v. Staples, Inc., 555 F.3d 42, 55 (1st Cir. 2009); Allen v. Admin.

---

[2] See 18 U.S.C. § 1514A(b)(1)(B) (allowing a complainant to bring an action for de novo review in a federal district court if the Secretary of Labor fails to issue a final decision within 180 days of the date the administrative complaint was filed).

[3] To state a prima facie case under SOX 806, a plaintiff must allege that (1) he engaged in protected activity; (2) the defendants "knew or suspected, actually or constructively," that he had engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action.  29 C.F.R. § 1980.104(e)(2)(i)-(iv) (2010).

> Review Bd., 514 F.3d 468, 476 (5th Cir. 2008). Although the employee does not have to cite a specific code provision or prove that a violation actually occurred, the employee's communication must express "an objectively reasonable belief there has been shareholder fraud." Day, 555 F.3d at 55. This requires that the employee's communication do more than merely allege that wrongdoing has occurred. Instead, the employee's communication must convey that his concern with any alleged misconduct is linked to "an objectively reasonable belief that the company intentionally misrepresented or omitted certain facts to investors, which were material and which risked loss." Id.; see also Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir. 2000) (noting that "allegations of GAAP violations or accounting irregularities" need to be "coupled with evidence of 'corresponding fraudulent intent' " before stating a securities fraud claim).

Id. at *4. Throughout the Memorandum and Order, relying in part on the standard enunciated by the Administrative Review Board ("ARB") in Platone and by various circuit courts of appeals, the Court ruled that the e-mail communications between Mr. Wiest and his supervisors did not convey his reasonable belief that the complained-of conduct "definitively and specifically" related to the violation of one of the statutes or rules listed in § 1514A. Id. at *5-10. Although the Defendants contested the sufficiency of the Complaint on other grounds, including deficiencies in the Wiests' pleading of the other SOX 806 elements, the Court ended its analysis with and dismissed the Complaint based on the Wiests' failure to demonstrate Mr. Wiest engaged in a protected activity. See Wiest, 2011 WL 2923860 at *4 n.4, *10.

    Upon dismissing the Complaint, the Court explicitly granted the Wiests leave to file an Amended Complaint on or before August 20, 2011 (Docket No. 14). However, instead of filing an Amended Complaint, on August 10, 2011, the Wiests filed their self-styled, "Plaintiffs' Motion for Reconsideration Nunc Pro Tunc By the Eastern District Court En Banc of Judge Pratter Memorandum Opinion of July 21, 2011, Or, In the Alternative, Motion to Dismiss

Plaintiffs' Complaint with Prejudice and Enter a Final Appealable Order and Judgment" ("Motion for Reconsideration") (Docket Nos. 15, 16) and allowed the deadline to file an Amended Complaint to lapse. In their Motion for Reconsideration, the Wiests bring to the Court's attention for the first time, Sylvester v. Parexel Int'l LLC, ARB No. 07-123, 2011 WL 2165854, at *14-15 (Dep't of Labor May 25, 2011), a May 25, 2011 ARB case overruling Platone.

For the reasons that follow, the Court will deny the Wiests' Motion for Reconsideration.[4]

## II.   LEGAL STANDARD

Motions for reconsideration are rarely granted due to the Court's "strong interest in the finality of judgments." Schafer v. Decision One Mortg. Corp., No. 08-5653, 2009 WL 1886071, at *3 (E.D. Pa. Jun. 30, 2009) (citing Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)). To succeed on a motion for reconsideration, the moving party must demonstrate either (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. Cigna Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration should not raise additional arguments that the movant "could have made but neglected to make prior to judgment." Holsworth v. Berg, No. 05–1116,

---

[4] Notwithstanding the failure of their Motion for Reconsideration on the merits, the Wiests' Motion was also untimely. Pursuant to Local Rule 7.1(g), "[m]otions for reconsideration . . . shall be served and filed within fourteen (14) days after the entry of the . . . order . . . concerned." The Court issued its decision on July 21, 2011, giving the Wiests until August 4, 2011 to file a Motion for Reconsideration. However, the Wiests filed their Motion for Reconsideration on August 10, 2011, twenty (20) days after the entry of the order, which was six (6) days late.

2005 WL 1799409, at *3 (E.D. Pa. Jul. 26, 2005).  Furthermore, reconsideration is not permitted simply to allow a "second bite at the apple."  See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

### III.    DISCUSSION

The Wiests' Motion for Reconsideration hinges entirely on the ARB's May 25, 2011 decision in Sylvester, 2011 WL 2165854, which overturned Platone, a single ARB decision cited by this Court in its Memorandum and Order granting the Defendants' Motion to Dismiss.  Wiest Mot. ¶¶ 9-12.  In Sylvester the ARB held that the requirement announced in Platone that for a communication to be protected, it must "definitively and specifically" relate to shareholder fraud or one of the statutes or rules listed in § 1514A was not consistent with the purpose or language of § 1514A.  See Sylvester, 2011 WL 2165854, at *14-15.  Instead, the ARB noted, the complainant need only show that (1) he had a subjective belief that the complained-of conduct constitutes shareholder fraud or a violation of one of the statutes or rules listed in § 1514A , and (2) the belief was objectively reasonable.  Id.

Without any discussion or analysis of the underlying cases, the Court's July 21, 2011 Memorandum and Order, or the standard for a motion for reconsideration,[5] the Wiests contend that the Court should reconsider and reverse its ruling granting the Defendants' Motion to Dismiss.  In light of the Wiests' failure to articulate which of the three potential rationales their motion relies upon for the Court to reconsider its prior ruling, the Court will analyze their motion on each of the grounds in turn.  Therefore, the Court will address, first, whether the Sylvester

---

[5] In fact, nowhere in the Wiests' motion do they even allude to the standard for a Motion for Reconsideration.

decision constitutes an intervening change in the controlling law, and second, whether the court committed a clear error of law that would constitute a manifest injustice.[6]

### A. No Intervening Change in the Controlling Law

At oral argument, counsel for the Wiests suggested that the Wiests' Motion for Reconsideration was based on an intervening change in the controlling law. See Tr. at 6. The Court, however, is not persuaded that the Sylvester decision constitutes an intervening change in controlling law because the ARB's decision is neither intervening nor controlling.

The Sylvester case is not an intervening change in the law because the ARB issued its opinion well before this Court ruled on the Defendants' Motion to Dismiss. The ARB issued the Sylvester decision on May 25, 2011. See Sylvester, 2011 WL 2165854. The Sylvester decision had been publicly available for almost two months before this Court issued its July 21, 2011 Memorandum and Order granting the Defendants' Motion to Dismiss. Nevertheless, the Wiests failed to bring the case to the Court's attention until August 20, 2011, a full month after it rendered its decision, and almost three months after the Sylvester case was decided. See, e.g., Marracco v. Kuder, No. 08-713, 2009 WL 235469, at *4 (D.N.J. Jan. 30, 2009) (holding that a case that the plaintiff failed to cite in her opposition to a motion to dismiss and that was decided prior to the Court's ruling on the motion to dismiss was not a "change in intervening law" for the purposes of her motion for reconsideration, and that "[i]f plaintiff believed this case supported her claim, she should have cited to it in her opposition brief."); see also Borough of Lansdale v. PP&L, Inc., 503 F. Supp. 2d 730, 743 (E.D. Pa. 2007) (denying a motion for reconsideration of

---

[6] Additionally, the Wiests refer the Court to four other decisions by the Administrative Review Board disavowing the "definitive and specific" standard of Platone, decided between Sylvester and this Court's July 21, 2011 opinion. Id. ¶ 10. However, none of these ARB decisions alter the Court's analysis.

an April 5, 2006 opinion where "[t]here has been no intervening change of controlling law since April 5, 2006 . . . [and] . . . no new evidence is available that could not easily have been previously provided to the court."). As noted above, reconsideration is not permitted simply to allow a "second bite at the apple." See Bhatnagar, 52 F.3d at 1231.

Equally fatal to the Wiests' motion is that the ARB's decision in Sylvester does not constitute a change in controlling law. Controlling law means binding precedent – i.e. decisions of the United States Supreme Court or the Court of Appeals for the Third Circuit. See generally Albert v. Nationwide Mut. Fire Ins. Co., No. 99-1953, 2001 WL 34035315, at *16 (M.D. Pa. May 22, 2001) (noting that the movant's failure to cite to binding precedent meant it had not cited to intervening controlling law). An ARB decision is not binding authority on a United States district court.[7]

Nevertheless, even assuming, *arguendo*, that Sylvester does constitute binding precedent, this Court sees no valid justification for revisiting its prior ruling because (1) this Court's holding relied on caselaw other than Platone, and (2) the holding in Sylvester disavowing the "definitive and specific" standard does not change this Court's conclusion that the Wiests' complaint fails to establish that Mr. Wiest's e-mails communicated an objectively reasonable belief that the complained-of conduct constituted a violation of relevant law.

First, this Court's Memorandum and Order did not rest solely on the ARB's holding in Platone. To the contrary, the Court relied extensively on other ARB decisions unaffected by

---

[7] At oral argument, counsel for the Wiests briefly argued that this Court must accord the ARB's interpretation of § 1514A Chevron deference. Tr. at 8-9; see Chevron U.S.A. Inc. v. Nat'l Res. Def. Council, 467 U.S. 837 (1984). Although the Court acknowledges that some courts of appeals have given deference to ARB interpretations of law, see, e.g., Welch v. Chao, 536 F.3d 269, 275-76 (4th Cir. 2008), the Court need not examine whether Chevron deference is appropriate here because the Plaintiff's complaint is insufficient without regard to the ARB's interpretation of SOX 806 in Sylvester.

Sylvester as well as the decisions of numerous other circuit courts of appeals. See Day v. Staples, Inc., 555 F.3d 42, 54 (1st Cir. 2009) (holding, without relying on or citing to Platone, that "[t]he employee must show that his communications to the employer specifically related to one of the laws listed in § 1514A."); Allen v. Admin. Review Bd., 514 F.3d 468, 476 (5th Cir. 2008) (agreeing with "the ARB's legal conclusion [in Platone] that an employee's complaint must 'definitively and specifically relate' to one of the six enumerated categories found in § 1514A."); see also Van Asdale v. Int'l Game Tech., 577 F.3d 989, 996–97 (9th Cir. 2009) ("defer[ring] to the ARB's reasonable interpretation of the statute" as articulated in Platone); Welch, 536 F.3d at 275-76. As another district court recently noted, even assuming the ARB has abrogated the "definitive and specific" test of Platone en banc, "[Sylvester] does not 'abrogate' the Ninth Circuit rule articulated in Van Arsdale until the Ninth Circuit Court of Appeals so states." Kim v. Boeing Co., No. 10-1850, 2011 WL 4437086, at *4 n.4 (W.D. Wash. Sept. 23, 2011). The same is true of the other circuit court of appeals decisions relied upon by this Court.

Second, the Court's references to the purportedly abrogated "definitive and specific" standard in its July 21, 2011 Memorandum and Order do not affect its central conclusion that the Wiests' pleadings are insufficient. Whereas the employees in Sylvester filed administrative complaints before OSHA, Sylvester, 2011 WL 2165854, at *12, the Wiests filed a federal district court complaint subject to the heightened pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Even if the Court were to go so far as to accept the Wiests' contention that Sylvester overrules the circuit court of appeals decisions which this Court cited, and the "definitive and specific" standard was referenced in error, the Wiests still cannot overcome the fundamental deficiencies in their


complaint, namely, their failure to establish that Mr. Wiest held an objectively reasonable belief that the complained-of conduct constituted shareholder fraud or a violation of one of the statutes or rules listed in § 1514A.  Unlike the employees in Sylvester, who alleged with particularity in their administrative complaint "how the allegedly fraudulent activities relate to the financial status of the company" and shareholder fraud, the Wiests failed in their federal district court complaint to plead facts reflecting Mr. Wiest's reasonable belief that his communications regarding the tax treatment of certain company expenses related – in any way, definitively and specifically, or otherwise – to  shareholder fraud or a violation of one of the statutes or rules listed in § 1514A.  18 U.S.C. § 1514A(1).

Accordingly, the Wiests have failed to raise an intervening change in the controlling law that would compel this Court to reconsider its prior ruling.

### B.  No Manifest Injustice or Clear Error

As an alternative and seemingly conflicting ground for their motion for reconsideration, counsel for the Wiests asserted at oral argument that the Court's failure to consider the Sylvester case in its July 21, 2011 Memorandum and Order constituted clear error that rises to the level of a manifest injustice.  Tr. at 19-20.

Where the basis of the motion for reconsideration is to correct a manifest injustice, the moving party must base its motion on arguments that were previously raised but were overlooked by the Court.  United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).  The reviewing court must ask whether, "on the entire evidence, it is left with the definite and firm conviction

that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2000) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

As noted above, the Wiests failed to bring the Sylvester case to the Court's attention until they filed their Motion for Reconsideration, a full month after the Court issued its Memorandum and Order granting Defendants' Motion to Dismiss. The Court does not agree with the Wiests that it has committed clear error or perpetrated a manifest injustice by not considering a case that the Wiests failed to bring to the Court's attention in a timely manner. Furthermore, as discussed above, in light of the inherent deficiencies with the Wiests' complaint irrespective of the posture of the Sylvester decision, the Court is not persuaded that it committed clear error in granting the Defendants' Motion to Dismiss.

### III.  CONCLUSION

For the foregoing reasons, the Wiests have failed to demonstrate an intervening change in the controlling law or clear error. Accordingly, the Court will deny the Wiests' Motion for Reconsideration of the Court's July 21, 2011 Memorandum and Order granting Defendants' Motion to Dismiss.

An appropriate order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge