**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY A. WIEST and LAURA E. WIEST, His Wife, Plaintiffs, | ) | NO. 2:10-cv-03288 |
| v. | ) | (Judge Pratter) |
| CHARLES DOUGHERTY, *et al.*, Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendants, Charles Dougherty ("Mr. Dougherty") and Tyco Electronics Corporation ("TE") (collectively, "Defendants"), hereby file this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, Jeffrey A. Wiest ("Mr. Wiest") and Laura E. Wiest ("Mrs. Wiest") (collectively, "Plaintiffs") (ECF No. 1), and state as follows:

1. To the extent the allegations contained in Paragraph 1 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2. Defendants deny the allegations contained in Paragraph 2.

3. Defendants state that the allegations set forth in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 3.

4. Admitted on information and belief.

5. Defendants state that the allegations set forth in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5, due to the fact that Defendants believe that Plaintiffs have misstated the reference to the cited statutory provision by stating "final

determination in this matter after 180 days." The statute permits a plaintiff to file an action in federal court if the Secretary has not issued a final determination within 180 days of a complaint being filed with OSHA.

6. Defendants admit that Plaintiffs filed this lawsuit in the United States District Court for the Eastern District of Pennsylvania.

7. Defendants state that the allegations set forth in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8. Defendants state that the allegations set forth in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8.

9. Defendants state that the allegations set forth in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants admit that the relief described is what Plaintiff seeks, but deny the implication that such relief is warranted based on the facts.

12. Defendants deny the allegations contained in Paragraph 12 to the extent they allege as a matter of fact the violation of any law or the illegality of any conduct of Defendants.

13. Admitted on information and belief.

14. Defendants state that Tyco Electronics Ltd. has changed its name to TE Connectivity Ltd. and is a publicly traded Swiss corporation with an address of Rheinstrasse 20, CH -8200 Schaufhasussen, Switzerland. For the purposes of Defendants' Answer, the term

"Tyco Ltd." will refer to Tyco Electronics Ltd. or TE Connectivity Ltd, as applicable. Defendants further state that Paragraph 14 contains allegations that constitute legal conclusions to which no response is required. Defendants deny the remaining allegations contained in Paragraph 14.

15. Defendants admit the allegations contained in Paragraph 15.

16. Defendants state that, as a subsidiary, TE's finances are reflected in Tyco Ltd.'s consolidated financial statements. Defendants deny that the allegations contained in Paragraph 16 have any legal relevance to the issues in this suit.

17. Defendants state that Thomas J. Lynch was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the extent that a response is required, Defendants admit that Thomas J. Lynch was the Chief Executive Officer and Director of Tyco Ltd. at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the remaining allegations contained in Paragraph 17.

18. Defendants state that Thomas J. Lynch was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the extent that a response is required, Defendants admit that Thomas J. Lynch was the Chief Executive Officer of TE at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the legal significance of the allegations contained in Paragraph 18.

19. Defendants state that Thomas J. Lynch was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 19.

20. Defendants state that Terrence Curtin was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the

extent that a response is required, Defendants admit that Terrence Curtin was the Executive Vice President and Chief Financial Officer of Tyco Ltd. at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the remaining allegations contained in Paragraph 20.

21. Defendants state that Terrence Curtin was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the extent that a response is required, Defendants admit that Terrence Curtin was the Chief Financial Officer of TE at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the legal significance of the allegations contained in Paragraph 21.

22. Defendants admit that Mr. Dougherty was the President of Wireless Systems, a Tyco Ltd. business unit, at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants state that Charles C. Post was dismissed from this lawsuit pursuant to this Court's April 15, 2014 order (Docket No. 52), and therefore no response is required. To the extent that a response is required, Defendants admit that Charles C. Post was the Sr. Labor & Employment Counsel for TE at all times relevant to the allegations contained in the Complaint. Defendants otherwise deny the allegations contained in Paragraph 24.

25. To the extent the allegations contained in Paragraph 25 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants admit that Mr. Post sent a letter to Mr. Wiest's attorney. Defendants specifically deny Plaintiffs' characterization as to what the referenced letter "acknowledge[ed]." Defendants deny the remaining allegations contained in Paragraph 25.

26. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 26.

27. Defendants admit that Mr. Wiest managed a varying number of accounting employees over the course of his employment with TE.

28. Defendants state that Mr. Wiest's written performance reviews were not negative. Defendants further state that the phrase "oral or written reprimand" is vague and ambiguous, and, lacking a clear meaning, requires that Defendants deny the allegations contained in Paragraph 28 based on the meaning of that phrase.

29. To the extent the allegations contained in Paragraph 29 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 except that it is admitted that Wiest's positive job performance was recognized and at times rewarded by Tyco.

30. To the extent the allegations contained in Paragraph 30 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants admit only that Weist received a 2008 bonus.

31. Defendants admit that audits found no evidence of accounting deficiencies that were processed through Mr. Wiest's function. Defendants further admit that, during Mr. Wiest's employment, there have been periods during which TE has downsized and terminations have occurred. Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations regarding Mr. Wiest's health and are therefore denied. Defendants specifically deny that they engaged in any unlawful conduct toward Mr. Wiest or that any of his alleged health issues were caused by any allegedly unlawful conduct on the part of Defendants. Defendants deny the remaining allegations contained in Paragraph 31.

32. Defendants admit the allegations contained in Paragraph 32.

33. Defendants state that the allegations set forth in Paragraph 33 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. The allegations in Paragraph 34 are not directed to the answering Defendants and are intended to be inflammatory. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34, except to admit that Mr. Wiest sent a note to his management, the terms of which speak for itself.

35. The allegations set forth in Paragraph 35 of the Complaint purport to reference written documents, which speak for themselves and thus, no response is required. To the extent a response is required, Defendants admit that Wiest raised a question that resulted in the examination of the event agenda, but specifically deny any unlawful conduct Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants state that the allegations set forth in Paragraph 36 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. To the extent the allegations contained in Paragraph 38 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38.

39. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 39, and they are therefore denied.

40. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 40, and they are therefore denied.

41. To the extent the allegations contained in Paragraph 41 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41.

42. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 42, and they are therefore denied.

43. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint to the extent they relate to what seemed "particularly inappropriate" to Mr. Wiest, and therefore, those allegations are denied. Defendants deny the remaining allegations set forth in Paragraph 43 of the Complaint.

44. To the extent the allegations contained in Paragraph 44 characterize a written document, which speaks for itself, no response is required. Defendants state that the allegations set forth in Paragraph 44 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45. Defendants admit that there was a "gross-up" for employees attending this event. The allegations concerning Kozlowski have no relevance to this case and have been put forth for inflammatory purposes. Further, the reference to the prosecutor's documents is irrelevant, inflammatory and should be stricken from the record. Defendants deny the remaining allegations in Paragraph 45.

46. To the extent the allegations contained in Paragraph 46 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46.

47. Defendants admit that thirty employees and twenty-three spouses attended the Atlantis event. Defendants deny the remaining allegations contained in Paragraph 47.

48. Defendants state that the allegations set forth in Paragraph 48 constitute legal conclusions and are so ambiguous as to make any substantive response impossible; as such, Defendants deny the allegations contained in Paragraph 48.

49. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 to the extent they relate to Mr. Wiest's alleged "concern[s] about retaliation." Defendants deny the remaining allegations set forth in Paragraph 49 of the Complaint.

50. To the extent that the allegations set forth in Paragraph 50 of the Complaint purport to state a conclusion of law, no response is required. To the extent a response is required, the Defendants lack sufficient information to form a response to the allegations in Paragraph 50, and they are, therefore, denied.

51. To the extent the allegations contained in Paragraph 51 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants admit that the tax department was asked to evaluate the business purpose and concluded that it was acceptable as a business expense. Defendants deny the remaining allegations contained in Paragraph 51.

52. To the extent the allegations contained in Paragraph 52 characterize a written document, which speaks for itself, no response is required. To the extent that the allegations set forth in Paragraph 52 of the Complaint purport to state a conclusion of law, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 54, and they are therefore denied.

55. Defendants admit that Wiest raised several questions regarding processing payments for various company activities. Defendants deny the remaining allegations contained in Paragraph 55.

56. To the extent the allegations contained in Paragraph 56 characterize a written document, which speaks for itself, no response is required. Defendants state that the allegations set forth in Paragraph 56 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 56.

57. Defendants admit that Mr. Wiest received tickets to a baseball game. Defendants deny the remaining allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants admit that Mr. Wiest had a meeting with Susan Wallace and Kyleen Beistline on September 17, 2009. Defendants deny the remaining allegations contained in Paragraph 59.

60. Defendants admit that various instances of alleged misconduct by Mr. Wiest were discussed at the September 17, 2009 meeting. Defendants deny the remaining allegations set forth in Paragraph 60 of the Complaint.

61. Defendant admit that Mr. Wiest was asked about certain baseball tickets he had received. Defendants deny the remaining allegations set forth in Paragraph 61 of the Complaint.

62. Defendants admit that Mr. Hofsass handed Mr. Wiest tickets to a baseball game. Defendants deny the remaining allegations contained in Paragraph 62.

63. Defendants admit the allegations contained in Paragraph 63.

64. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 64, and they are therefore denied.

65. To the extent the allegations contained in Paragraph 65 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65.

66. Defendants admit that, in the course of investigating complaints about Mr. Wiest for making inappropriate comments, the company received information about a potentially inappropriate relationship Mr. Wiest had had with a former Tyco employee and asked Mr. Wiest about it. To the extent the allegations contained in Paragraph 66 characterize a written document, which speaks for itself, no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 66.

67. Defendant admit that the company received complaints that Mr. Wiest had made inappropriate comments of a sexual nature and that the company investigated those complaints. Defendants deny the remaining allegations contained in Paragraph 67.

68. Defendants admit that, during the September 17, 2009 meeting, Mr. Wiest was not informed of the identities of the individuals who had provided the company with information, given the sensitive and confidential nature of the investigation. Defendants deny the remaining allegations contained in Paragraph 68.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants admit that Mr. Wiest told Ms. Wallace that he was sure he could resolve any issues with the employees he had offended and that he could maintain a business

relationship with them in the future. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that no employee had ever specifically told Mr. Wiest that they had found any remark made by Mr. Wiest to be unwelcome during his tenure with the company and, therefore, that allegation is denied. Defendants deny the remaining allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants admit the allegations contained in Paragraph 73.

74. Defendants admit that Mr. Wiest was not prevented from taking his vacation. Defendants deny the remaining allegations contained in Paragraph 74.

75. Defendants admit that Mr. Wiest was on vacation from September 19, 2009 through September 23, 2009. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 75, and they are therefore denied.

76. Defendants admit that Mr. Wiest returned from vacation on September 24, 2009. Defendants deny the remaining allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants admit that on or about September 29, 2009, Wiest and Mr. Hofsass discussed the investigation into Mr. Wiest's conduct. Defendants have no knowledge relating to how Wiest felt and, therefore, deny the allegation. Defendants deny the remaining allegations contained in Paragraph 78.

79. Defendants admit that Wiest discussed the investigation with Ms. Wallace. Defendants deny the characterization of Ms. Wallace and all remaining allegations contained in Paragraph 79.

80. Defendants admit that Mr. Hofsass advised Mr. Wiest that his performance review would not be conducted that day. Defendants have no knowledge as to the "pressure" Mr. Wiest was feeling. Defendants deny the remaining allegations contained in Paragraph 80.

81. Defendants state that Mr. Wiest left work early on September 30, 2009. Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 81, and they are therefore denied.

82. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 82, and they are therefore denied.

83. Defendants deny the allegations contained in Paragraph 83.

84. To the extent the allegations contained in Paragraph 84 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants admit that Weist received a bonus and deny the remaining allegations contained in Paragraph 84, including the legal significance of any temporal reference.

85. To the extent the allegations contained in Paragraph 85 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. To the extent the allegations contained in Paragraph 87 characterize written documents, which speak for themselves, no response is required. To the extent a response is required, Defendants admit that Weist is making claims, but deny both the remaining allegations contained in Paragraph 87 and the efficacy of any such claims.

88. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 88, and they are therefore denied.

89. The responses to each allegation set forth in Paragraphs 1-88 are incorporated herein by reference.

90. Defendants admit the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants deny the allegations contained in Paragraph 97.

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants deny the allegations contained in Paragraph 104.

105. Defendants deny the allegations contained in Paragraph 105.

WHEREFORE, Defendants state that Plaintiffs are not entitled to the relief requested in the Complaint.

106. The responses to each allegation set forth in Paragraphs 1-105 are incorporated herein by reference.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants deny the allegations contained in Paragraph 108.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants deny the allegations contained in Paragraph 110.

111. Defendants deny the allegations contained in Paragraph 111.

112. Defendants deny the allegations contained in Paragraph 112.

113. Defendants deny the allegations contained in Paragraph 113.

114. Defendants deny the allegations contained in Paragraph 114.

115. Defendants deny the allegations contained in Paragraph 115.

116. Defendants deny the allegations contained in Paragraph 116.

117. Defendants deny the allegations contained in Paragraph 117.

WHEREFORE, Defendants state that Plaintiffs are not entitled to the relief requested in the Complaint.

118. The responses to each allegation set forth in Paragraphs 1-117 are incorporated herein by reference.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants state that the allegations set forth in Paragraph 120 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 120.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants deny the allegations contained in Paragraph 124.

125. Defendants deny the allegations contained in Paragraph 125.

126. Defendants deny the allegations contained in Paragraph 126.

127. Defendants deny the allegations contained in Paragraph 127.

WHEREFORE, Defendants state that Plaintiffs are not entitled to the relief requested in the Complaint.

128. The responses to each allegation set forth in Paragraphs 1-127 are incorporated herein by reference.

129. Defendants deny the allegations contained in Paragraph 129.

130. Defendants deny the allegations contained in Paragraph 130.

131. Defendants deny the allegations contained in Paragraph 131.

132. Defendants deny the allegations contained in Paragraph 132.

133. Defendants deny the allegations contained in Paragraph 133.

WHEREFORE, Defendants state that Plaintiffs are not entitled to the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

In further answering, Defendants hereby assert the following additional and affirmative defenses:

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

3. All actions taken with regard to Plaintiff's employment or affecting Plaintiff were based on legitimate, non-retaliatory business reasons.

4. Plaintiff's claims are barred in whole or in part due to their failure to mitigate damages.

5. Without conceding Plaintiffs have suffered any damages because of any alleged acts or omissions by Defendants, in the event that the after-acquired evidence defense is applicable, Plaintiffs' claims and alleged damages are limited or barred by the after-acquired evidence doctrine

6. To the extent that plaintiff seeks to recover damages for physical or emotional distress under an intentional infliction of emotional distress (or related) theory, such claims are barred by the exclusive remedy provisions of the Pennsylvania Workers' Compensation Act.

7. Plaintiffs cannot recover economic damages for any period during which Plaintiff was physically or mentally unable to work.

8. Plaintiffs' alleged injuries were caused by third parties over whom Defendants exercised neither control nor right of control.

9. Plaintiffs' damages, if any, may be reduced or offset by virtue of any recovery they have obtained or may obtain from any collateral or other source, including but not limited to any monies or benefits received as a result of any workers' compensation claim, disability benefits, and/or other employment.

10. Plaintiffs are not entitled to recover punitive damages, particularly because Defendants' upper management did not engage in any retaliatory practice willfully or with malice or reckless indifference to Plaintiffs' rights.

11. Any claim for punitive damages would be barred because Defendants acted at all times in good faith to comply with all applicable laws.

12. Any claim for punitive damages would violate Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania.

13. Defendants intend to rely on or assert such other defenses that may become available or apparent during the course of discovery or these proceedings, and Defendants reserve the right to amend this Answer to assert any and all such defenses.

14. To the extent that any allegation contained in the Complaint is not expressly admitted, it is hereby denied.

WHEREFORE, Defendants pray this Court for judgment that:

A. Plaintiffs take nothing in this action;

B. Defendants be awarded its costs incurred in this suit;

C. Judgment be entered in favor of Defendants in all respects, and

D. The Court award Defendant such other relief as it deems proper.

Respectfully submitted,

Dated: May 2, 2014

/s/ Michael A. Finio________________
Michael A. Finio, Esquire (PA38872)
**SAUL EWING LLP**
2 North Second Street, Seventh Floor
Harrisburg, Pennsylvania 17101
mfinio@saul.com – (717) 238-7671

Matthew P. Kraeuter, Esquire
(admitted *pro hac vice*)
**SAUL EWING LLP**
500 East Pratt Street, Eighth Floor
Baltimore, Maryland 21202
mkraeuter@saul.com – (410) 332-8745

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Michael A. Finio, Esquire, do hereby certify that on the date set forth below I caused to be served a copy of the foregoing *Defendants' Answer and Affirmative Defenses to the Complaint* via the Eastern District's Electronic Case Filing system, as follows:

Richard C. Angino, Esquire
Kristen N. Sinisi, Esquire
ANGINO & ROVNER, P.C.
4503 North Front Street
Harrisburg, Pennsylvania 17110
*Counsel for Plaintiffs*

Date: May 2, 2014

/s/ Michael A. Finio
Michael A. Finio